UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(Orlando Division)

SECURITIES AND EXCHANGE COMMISSION,   )   CASE NO.
                                     )   6:02-CV-218-Orl-19JGG
                                     )
              Plaintiff,             )
                                     )
v.                                   )
                                     )
DAVID S. HEREDIA and RAYLEN PARRA,   )
                                     )
              Defendants.            )
_____)

## DEFAULT JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANTS DAVID S. HEREDIA AND RAYLEN PARRA

THIS MATTER, having come before the Court upon Plaintiff Securities and Exchange Commission's ("Commission") Motion for Entry of Default Judgment of Permanent Injunction and Other Relief as to Defendants David S. Heredia and Raylen Parra (collectively, "Defendants"), and it appearing to the Court that Defendants were duly served, and that Defendants failed to appear or file a responsive pleading within the time prescribed by law, and the Court, having reviewed the record, the Supporting Memorandum of Law, Declarations of Michael J. Rogal and Teresa J. Verges, and two Volumes of Supporting Exhibits, and having been otherwise advised, hereby renders final judgment in this cause.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.   This Court has personal jurisdiction over Defendants and the subject matter herein.

2. Notice of this action was duly served upon Defendants pursuant to Rule 4(e), Fed. R. Civ. P. and Sections 48.181 and 48.161, Fla. Stats., and by Order dated May 10, 2002, service upon Defendants was deemed perfected.

3. Pursuant to Rule 4(1), Fed. R. Civ. P., proof of service was filed with the Court on May 30, 2002.

4. As of the date of the Commission's Motion for Entry of Default Judgment of Permanent Injunction and Other Relief, Defendants have failed to answer or otherwise plead to the Commission's Complaint as required by the Federal Rules of Civil Procedure.

5. By virtue of their failure to answer or otherwise plead, Defendants are deemed to have admitted the well pleaded allegations of the Complaint; accordingly, the Court finds that Defendants committed the violations alleged therein.

6. Defendants are not infants or incompetent persons and have no general guardian, committee, conservator or other such persons appearing on their behalf.

7. The Court did not find it necessary to conduct a hearing or order a conference prior to entering final judgment in this action or carrying its judgment to effect.

8. The Court finds that an Order requiring Defendants Heredia and Parra to disgorge all ill-gotten gains they received as a result of the conduct alleged in the Complaint is appropriate. The Court further finds that the Commission has submitted sufficient evidence setting forth with reasonable approximation the amount of proceeds Defendants received through the sale of stock in the five public companies sold through six foreign brokerage accounts, as set forth in the Declaration of Michael J. Rogal and supporting volumes of exhibits, and that said amount cannot be reasonably apportioned between Defendants Heredia and Parra. The Court

therefore finds that Defendants Heredia and Parra shall be jointly and severally liable for disgorgement in the amount of $3,402,722.

9. The Court also finds that prejudgment interest on disgorgement is appropriate, in the amount of $103,019.96, which amount represents interest on disgorgement calculated at the underpayment rate of interest established under Section 6621(a)(2) of the Internal Revenue Code, for the period commencing March 1, 2002 through and including August 31, 2002.

8. Pursuant to Rule 54(b), Fed. R. Civ. P., the Court expressly determines that there is no just reason for delay and expressly directs that judgment be entered in this action as between the Commission and Defendants. Accordingly,

**I.**

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Plaintiff's Motion for Entry of Default Judgment of Permanent Injunction and Other Relief Against Defendants David S. Heredia and Raylen Parra is **GRANTED**.

**II.**

**FRAUD IN VIOLATION OF SECTION 17(a) OF THE SECURITIES ACT**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants Heredia and Parra, their officers, agents, servants, employees, attorneys in fact, and all persons in active concert or participation with them, and each of them, who receive notice of this Judgment, by personal service or otherwise, be and they hereby are, permanently restrained and enjoined from, directly or indirectly in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    (a)    knowingly or recklessly employing any device, scheme or artifice to defraud;

(b) obtaining money or property by means of any untrue statement of a material fact or omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) engaging in any practice, transaction, or course of business which operates or would operate as a fraud or deceit upon the purchaser of any such security,

in violation of Sections17(a)(1), 17(a)(2) and 17(a)(3) of the Securities Act, 15 U.S.C. §§ 77q(a)(1), 77q(a)(2) and 77q(a)(3).

## III.

### FRAUD IN VIOLATION OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5 THEREUNDER

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants Heredia and Parra, their officers, agents, servants, employees, attorneys in fact, and all persons in active concert or participation with them, and each of them, who receive notice of this Judgment, by personal service or otherwise, be and they hereby are, permanently restrained and enjoined from, knowingly, willfully, or recklessly, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

(a) employing any device, scheme or artifice to defraud;

(b) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  (c)  engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder.

### IV.

### FAILURE TO DISCLOSE IN VIOLATION OF SECTION 17(b) OF THE SECURITIES ACT

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants Heredia and Parra, their officers, agents, servants, employees, attorneys in fact, and all persons in active concert or participation with them, and each of them, who receive notice of this Judgment, by personal service or otherwise, be and they hereby are, permanently restrained and enjoined from, directly or indirectly, singly or in concert, as aiders and abettors or otherwise, by the use of the means or instruments of transportation or communication in interstate commerce or by the use of the mails, publishing, giving publicity to, or circulating communications that, though not purporting to offer securities for sale, describe certain securities, without fully disclosing the past or future receipt of consideration from an issuer for such activities, and the amount thereof, in violation of Section 17(b) of the Securities Act, 15 U.S.C. § 77q(b).

### V.

### DISGORGEMENT AND PREJUDGMENT INTEREST THEREON

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants Heredia and Parra are jointly and severally liable to pay disgorgement in the amount of $3,402,722.

Defendants shall also pay prejudgment interest in the amount of $103,019.96, which amount represents interest on disgorgement calculated at the underpayment rate of interest established under Section 6621(a)(2) of the Internal Revenue Code, for the period commencing March 1, 2002 through and including August 31, 2002.

Defendants shall pay disgorgement and prejudgment interest totaling $3,505,741.96 within thirty (30) days of the entry of this Default Judgment in accordance with the instructions set forth in Paragraph VII below.

## VI.

## CIVIL MONEY PENALTIES

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants shall each pay a civil money penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. §77t(d) and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), based upon their conduct as alleged in the Complaint. Defendant Heredia is hereby ordered to pay a civil money penalty in the amount of $ _110,000.00_ ; and Defendant Parra is hereby ordered to pay a civil money penalty in the amount of $ _110,000.00_. Defendants shall pay the civil penalties assessed herein within thirty (30) days of the entry of this Default Judgment in accordance with the instructions set forth in Paragraph VII below.

## VII.

## PAYMENT INSTRUCTIONS

**IT IS HEREBY FURTHER ORDERED,** that Defendants Heredia and Parra pay the disgorgement amount, prejudgment interest thereon, and civil money penalties ordered in Paragraphs V and VI above, by sending a U.S. postal money order, certified check, bank cashier's check or bank money order payable to the U.S. Securities and Exchange Commission, and

6

transmitted to the Comptroller, U.S. Securities and Exchange Commission, 450 Fifth Street, N.W., Washington, D.C. 20549, under cover of a letter that identifies Heredia and Parra, the caption and case number of this action and the name of this Court. Copies of such check and accompanying cover letter shall be simultaneously transmitted to Teresa J. Verges, Regional Trial Counsel, U.S. Securities and Exchange Commission, Southeast Regional Office, 801 Brickell Avenue, Suite 1800, Miami, Florida 33131.

## VIII.

### RETENTION OF JURISDICTION

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that, this Court will retain jurisdiction over this matter and Defendants in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

**DONE AND ORDERED** this 13th day of September, 2002, at Orlando, Florida.

_____
THE HONORABLE PATRICIA C. FAWSETT
UNITED STATES DISTRICT JUDGE

Copies to:

Teresa J. Verges
Securities and Exchange Commission
1401 Brickell Avenue
Suite 200
Miami, FL 33131

7

F I L E   C O P Y

Date Printed: 09/16/2002

Notice sent to:

___ Teresa J. Verges, Esq.
Securities and Exchange Commission
801 Brickell Ave., Suite 1800
Miami, FL  33131

___ Michael J. Rogal, Esq.
Securities and Exchange Commission
801 Brickell Ave., Suite 1800
Miami, FL  33131